FLORIDA FRUIT & VEGETABLE AS-
SOCIATION, United States Sugar Cor-
poration, South Bay Growers, Inc.,
Plaintiffs-Appellees, Cross-Appellants,

v.

William E. BROCK, Secretary, Depart-
ment of Labor and United States De-
partment of Labor, Defendants-Cross-
Appellees.

Jose J. Ramirez, Francisco Ruiz and Ani-
ceto      Carrizales,      Defendants-Inter-
venors-Appellants, Cross-Appellees.

No. 84–5467.

United States Court of Appeals,
Eleventh Circuit.

Sept. 24, 1985.

Rehearing and Rehearing En Banc
Denied Nov. 1, 1985.

Edward Tuddenham, Migrant Legal Action Program, Washington, D.C., Garry Geffert, West Virginia Legal Services Plan, Martinsburg, W.V., for Ramirez, et al.

Fisher & Phillips, Ft. Lauderdale, Fla., Charles Kelso, Fisher & Phillips, Ann Margaret Pointer, Atlanta, Ga., for Florida Fruit & Vegetable Ass'n, et al.

Michael Kimmel, Mark B. Stern, Dept. of Justice, Washington, D.C., for Dept. of Labor.

\* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by

Before VANCE and HATCHETT, Circuit Judges, and ATKINS \*, District Judge.

PER CURIAM:

In the appeal by plaintiffs the judgment of the district court is affirmed on the basis of the district court's findings of fact and conclusions of law incorporated in its Order made and entered on March 19, 1984, a copy of which is made an appendix to this opinion.

The separate appeal of defendants-intervenors relating only to the district court's conclusion of law 10 and Paragraph (4) of its Order is dismissed as moot by reason of the Department of Labor's adoption of a new piece rate regulation. 50 Fed.Reg. 25705 (June 21, 1985).

The judgment of the district court is therefore

AFFIRMED.

### APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

FLORIDA FRUIT & VEGETABLE ASSOCIATION, UNITED STATES SUGAR CORPORATION and SOUTH BAY GROWERS, INC., Plaintiffs,

v.

RAYMOND J. DONOVAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR and UNITED STATES DEPARTMENT OF LABOR, Defendants.

Civil Action No. 83–8470–CIV JAG

ORDER

Upon consideration of the parties' cross-motions for summary judgment, the memoranda concerning the motions, the adminis-

designation.

trative record, and the arguments presented on January 26, 1984, this Court orders that each motion is granted in part and denied in part. After setting forth the findings of fact and conclusions of law upon which this order is based, this Court will direct entry of judgment.

### FINDINGS OF FACT

1. Plaintiffs are Florida Fruit and Vegetable Association (FFVA), United States Sugar Corporation (U.S. Sugar), and South Bay Growers, Inc. (South Bay). FFVA, a Florida association with its headquarters in Orlando, Florida, and an office in Palm Beach County, Florida, acts as agent of a number of Florida sugar cane growers in recruiting domestic cane cutters and in applying for certification under the applicable federal statutes and regulations for the admission of temporary foreign cane cutters. Members of FFVA includes Atlantic Sugar Association, Cane Contractors, Inc., Gulf & Western Products Company, Osceola Farms Company, Shawnee Farms, Sugar Cane Growers Cooperative of Florida, and Sugar Cane Harvesting, Inc., all of which conduct sugar cane agricultural operations in Palm Beach, Glades, and Hendry Counties, Florida. U.S. Sugar, a Delaware Corporation, has headquarters in Hendry County, Florida, and conducts sugar cane agricultural operations in Palm Beach, Glades, and Hendry Counties, Florida. U.S. Sugar annually recruits and hires domestic cane cutters and applies for certification under the applicable federal statutes and regulations for the admission of temporary foreign cane cutters. Plaintiff South Bay Growers, Inc. ("South Bay"), a Florida Corporation, has headquarters in South Bay, Palm Beach County, and conducts agricultural operations in Palm Beach County. South Bay has recruited domestic lettuce cutter crews and applied for certification under the applicable federal statutes and regulations for admission of temporary foreign workers. Amended Complaint, ¶¶ 7–9.

2. Defendant, the Honorable Raymond J. Donovan, is the Secretary of the United States Department of Labor, and is sued in his official capacity. Defendant United States Department of Labor (DOL) is an executive department of the United States. Amended Complaint, ¶¶ 11–12.

3. Plaintiffs brought this action in September, 1983, seeking invalidation of 20 C.F.R. §§ 655.207(b) and (c) as amended by defendants on August 31, 1983, at 48 Fed. Reg. 40168 (Sept. 2, 1983). Plaintiffs have asserted that subpart (b) is arbitrary and capricious in violation of one section of the Administrative Procedure Act (APA), 5 U.S.C. § 706. They have asserted that subpart (c) is procedurally defective for failure to provide adequate notice and opportunity to comment upon the final rule. Amended Complaint, *passim.*

4. As amended on August 31, 1983, subpart (b) of Section 655.207, captioned "Adverse effect rates," provides:

> (b)(1) For agricultural employment (except sheepherding) in the States listed in paragraph (b)(2) of this section, and for Florida sugar cane work, the adverse effect rate for each year shall be computed by adjusting the prior year's adverse effect rate by the percentage change (from the second year previous to the year previous) in the ES–202 report's aggregate average weekly wage rates for the appropriate group of agricultural workers. The appropriate group of workers shall be those U.S. agricultural workers employed by establishments in Standard Industrial Classification (SIC) Code Nos. 013, 016, 017, 019, 071, and 072 within that State (except that for purposes of wage movement, but not actual adverse effect rates, New York, Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont shall be considered as one State, and Maryland, Virginia, and West Virginia shall be considered as one State). The Administrator shall publish, in each calendar year, on a date he shall determine, adverse effect rates calculated pursuant to this paragraph (b) as a notice in the *Federal Register.*

(2) *List of States.* Arizona, Colorado, Connecticut, Florida (other than sugar cane work), Maine, Maryland, Massachusetts, New Hampshire, New York, Rhode Island, Texas, Vermont, Virginia, and West Virginia. Other States may be added as appropriate.

(3) *Transition.* Notwithstanding paragraph (b)(1) and (2) of this section, the 1983 adverse effect rate shall be computed by adjusting the 1981 adverse effect rate by the percentage change in appropriate ES–202 average weekly wages from 1980 to 1982. The adverse effect rate for a State, set by this paragraph (b), shall be the highest of the rate computed by this methodology in paragraph (b) or the rate applied in the State in 1981 or 1982. Pursuant to the Order in *NAACP, Jefferson County Branch v. Donovan,* Civil Action No. 82–2315 (D.D.C. June 28, 1983), the 1982 adverse effect rate for West Virginia was $4.24.

48 Fed.Reg. 40168, 40175 (Sept. 2, 1983). The 1983 adverse effect rates set by defendants for the enumerated states are:

| State | AEWR |
| --- | --- |
| Arizona | $4.22 |
| Colorado | (1) |
| Connecticut | 4.05 |
| Florida (sugar cane only) | 5.37 |
| Florida (except sugar cane) | 4.34 |
| Maine | 4.15 |
| Maryland | 4.38 |
| Massachusetts | 4.05 |
| New Hampshire | 4.34 |
| New York | 4.20 |
| Rhode Island | 4.05 |
| Texas | 4.16 |
| Vermont | 4.28 |
| Virginia | 4.39 |
| West Virginia | 4.24 |

[1] Not yet available.

*Id.* at 40170.

Subpart (c), as amended on August 31, 1983, provides:

(c) *Piece rate adjustments.* In any year in which the applicable adverse effect rate increases to the point where the employer's previous year's piece rate in a crop activity will not enable the average U.S. worker's hourly earnings to equal or exceed the new applicable adverse effect rate without requiring the average U.S. worker to increase productivity over the previous year, the employer shall increase the piece rate to a level at which the average U.S. worker would earn at least the adverse effect rate. If, at the employer's previous year's piece rate for that crop activity, the average U.S. worker's hourly earnings equalled or exceeded the adverse effect rate, no adjustment to that piece rate would be required. The Regional Administrator shall determine the average U.S. worker's hourly earnings by obtaining from employers in the area of intended employment information as to the piece rates, earnings, hours worked, and productivity of U.S. workers, in a manner to be determined by the Administrator.

5. An extensive and undisputed administrative record with regard to the rulemaking proceeding during which subparts (b) and (c) were amended was provided to this Court by defendants and reflects that:

(a) DOL has for decades set wage rates which growers must agree to pay domestic field workers before DOL will certify that the admission of aliens to work in the growers' fields will not adversely effect the wages and working conditions of U.S. workers similarly employed, *see* 48 Fed. Reg. 33684 (July 22, 1983) and 48 Fed.Reg. 40168;

(b) between 1975 and 1981 for Florida sugar cane and between 1968 and 1981 for other states and crops, DOL computed adverse effect wage rates (AEWRs) by adjusting the previous year's rates by the same percentage as the annual percentage change (from the second preceding year to the preceding year) in average wage rates for field and livestock workers as reflected by survey data of the United States Department of Agriculture (USDA), *see id.;*

(c) the USDA in the spring of 1981 ceased conducting quarterly surveys of wages paid to field and livestock workers and instead began conducting in 1982 one

annual survey of wages paid to such workers during one week in July, *see id.;*

(d) because of the USDA's having discontinued its quarterly surveys, DOL refrained from calculating 1982 AEWRs until ordered by a federal district court to set such rates for the states of West Virginia, Florida, Vermont, and Maine, *see id.;*

(e) during the rulemaking proceeding conducted to set the 1982 AEWRs, the USDA indicated to DOL that there were flaws in using data from USDA's one-week per year survey to measure trends in agricultural wages, 48 Fed.Reg. 40172, *see* 82R29;

(f) on July 19, 1983, DOL proposed to use certain ES–202 data collected by DOL's Bureau of Labor Statistics to calculate the percentage increases in the AEWRs from 1981 to 1983, 48 Fed.Reg. 33684;

(g) the ES–202 data reflect both the total wages paid every three months and the number of domestic workers employed on the 12th of each month by United States agricultural concerns having a quarterly payroll in excess of $20,000 or employing 10 or more domestic workers, and thus encompass the wages paid to at least 40 percent of domestic agricultural workers, *id.* at 33685, 48 Fed.Reg. 40171(4);

(h) numerous growers, including plaintiffs, submitted comments to DOL that the July USDA data, not the ES–202 data, should be used to calculate the percentage increases in the AEWRs from 1981 to 1983, 83R 113–202; the USDA commented that USDA rather than ES–202 data should be used but also that it knew of no data totally appropriate for use in measuring wage trends of domestic farm workers, 83R 203; charts appended to the comments of U.S. Sugar and USDA reflect that the AEWRs set using ES–202 data are very similar to the ones which the USDA data would have yielded, 83R 178 and 203;

(i) representatives of some farm workers submitted comments advocating use of the ES–202 data, 83R 75–81;

(j) after considering the comments, defendants concluded that they would use ES–202 data to calculate the increases in the AEWRs from 1981 to 1983 because, among other reasons, the ES–202 fairly measured trends in agricultural wages and the alternative July USDA data entirely missed the fall and winter sugar cane and apple-harvest seasons, 48 Fed.Reg. 40170–72;

(k) the piece-rate rule proposed on July 19, 1983 did not include the adjective "U.S." between the words "average" and "worker" as they relate to the productivity portion of the piece-rate formula, 48 Fed. Reg. 33687; and

(*l*) the final piece-rate rule added the adjective "U.S." between the words "average" and "worker" as they relate to the productivity portion of the piece-rate formula, 48 Fed.Reg. 40175.

## CONCLUSIONS OF LAW

■ 1. "The summary judgment procedure is particularly appropriate in cases in which the court is asked to review ... a decision of a federal administrative agency." Wright, Miller & Kane, *Federal Practice And Procedure:* Civil 2d § 2733, Vol. 10A at 366 (1983).

■ 2. Summary judgment is appropriate in this case because, in reviewing an agency rulemaking, the court considers the record that was before the agency, and that record is before the court. *E.g., Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); *Ryder Truck Lines, Inc. v. United States,* 716 F.2d 1369, 1378 (11th Cir.1983).

■ 3. In determining whether a regulation is arbitrary and capricious, the scope of review is narrow: a reviewing court's "task is limited to determining 'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.' [citations omitted]." *Ryder Truck Lines, Inc. v. United States, supra,* 716 F.2d at 1378.

■ 4. Deference is accorded an agency's setting of rates. *E.g., Building &*

*Construction Trades' Dept., AFL–CIO v. Donovan,* 712 F.2d 611, 619 (D.C.Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984); *United States v. FCC,* 707 F.2d 610, 618 (D.D.C.1983); *Hercules, Inc. v. EPA,* 598 F.2d 91, 106–07 (D.D.C.1978). *See Permian Basin Area Rate Cases,* 390 U.S. 747, 800, 88 S.Ct. 1344, 1377, 20 L.Ed.2d 312 (1968).

██ 5. Deference is also accorded an agency's choice of one set of data over another. *E.g., National Ass'n of Metal Finishers v. EPA,* 719 F.2d 624, 657 (3rd Cir.1983); *State of Connecticut v. EPA,* 696 F.2d 147, 159–60 (2d Cir.1982); *Citizens Against Refinery's Effects v. EPA,* 643 F.2d 178, 182 (4th Cir.1981).

██ 6. DOL has "broad discretion" to set AEWRs in accordance with "any of a number of reasonable formulas...." *Florida Sugar Cane League, Inc. v. Usery,* 531 F.2d 299, 303–04 (5th Cir.1976). *Accord, Rowland v. Marshall,* 650 F.2d 28 (4th Cir.1981) (per curiam); *Williams v. Usery,* 531 F.2d 305 (5th Cir.), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 527, 50 L.Ed.2d 610 (1976); *Dona Ana County Farm & Livestock Bureau, Inc. v. Goldberg,* 200 F.Supp. 210 (D.D.C.1961). *See generally* K. Davis, *Administrative Law Treatise* § 29.01–02 at 287–88 (1980 Supp.).

██ 7. The base AEWRs built up over several years prior to 1981 are reasonable. *Rowland, supra,* 650 F.2d at 30; *Williams, supra,* 531 F.2d at 307; *Florida Sugar Cane, supra,* 531 F.2d at 302–04; *Dona Ana, supra,* 200 F.Supp. at 213–16.

██ 8. An AEWR methodology is reasonable if it "produced results comparable to those produced by the other potential methodologies." *Rowland v. Marshall, supra,* 650 F.2d at 30 n. 3.

██ 9. Because of defendants' broad discretion in setting AEWRs, because the base AEWRs have been upheld as reasonable, and because defendants considered the relevant factors during the rulemaking proceeding, the 1983 AEWRs are rationally based and the decision to use ES–202 data

is reasonable, particularly as compared to the use of the USDA data; therefore, the AEWR regulation, 20 C.F.R. § 655.207(b), as amended on August 31, 1983, is not arbitrary and capricious.

██ 10. The piece-rate regulation, 20 C.F.R. § 655.207(c), as amended on August 31, 1983, is invalid because defendants failed to provide adequate notice and opportunity to comment upon the use of the adjective "U.S." in the regulation.

Accordingly, it is, therefore,

ORDERED AND ADJUDGED that:

(1) Defendants' Motion for Summary Judgment is granted with respect to the AEWR methodology issue raised by revisions to 20 C.F.R. § 655.207(b). Defendants may determine AEWRs utilizing ES–202 data in the historical formula.

(2) The Court having determined that the Secretary's final order and the comments published with it satisfy the APA requirements as to the AEWR methodology, Plaintiffs alternatively requested a trial date. This Motion for a trial to challenge the actions behind the Secretary's published comments is denied. The Plaintiffs' Renewed Motion for Full Trial of Factual Issues is likewise denied. It is inappropriate for the Court to substitute its judgment for that of the Secretary when faced with such conflicting facts and opinions.

(3) For sixty days subsequent to entry of this Order and throughout the period of appeal if an appeal is filed, DOL remains restrained and enjoined from refusing to issue "labor certification" pursuant to 20 C.F.R. Part 655 for the temporary employment of aliens to harvest Plaintiffs' crops, provided that the escrow account previously established remains posted in the nature of a supersedeas bond and provided that Plaintiffs qualify in all other respects for the issuance of such labor certifications.

(4) Plaintiffs' Motion for Summary Judgment is granted with respect to the "U.S." worker issue raised by revisions in 20 C.F.R. § 655.207(c). The six references to "U.S." as a modifier to average worker are hereby deleted. The Final Rule as mod-

ified, which is exactly as it was proposed, is a valid final rule.

This Order constitutes the final judgment of this Court.

DONE AND ORDERED in chambers in Fort Lauderdale, Florida, this 19th day of March, 1984.

/s/ Jose A. Gonzalez, Jr.
UNITED STATES DISTRICT JUDGE