**KINNETT DAIRIES, INC., et al., Plaintiffs,**

v.

**Edward MADIGAN, Secretary of Agriculture, et al., Defendants.**

**Civ. A. No. 89–106–COL.**

United States District Court, M.D. Georgia, Columbus Division.

June 4, 1992.

John H. Vetne of Blodgett, Makechnie & Vetne, Peterborough, N.H., and Albert W. Stubbs of Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for plaintiffs.

Donald A. Tracy, Office of the General Counsel, Washington, D.C., and H. Randolph Aderhold, Jr., Asst. U.S. Atty., Macon, Ga., for defendants.

## MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ELLIOTT, District Judge.

Plaintiffs are seven milk processors (handlers) who operate, or during the relevant period of September 1984 through February 1985 operated, a total of thirteen milk plants in the states of Georgia, Kentucky, Alabama, Mississippi, Tennessee, and Louisiana, and were subject to certain federal milk pricing regulations known as Federal Milk Marketing Orders. This complaint is for review of regulated milk price adjustments, adopted by the Defendant Secretary in a hasty three week price-setting proceeding.

The proponent of the contested price adjustments was Dairymen, Inc. ("DI"), a producer cooperative association. DI is the largest cooperative and the largest single supplier of raw producer milk to handlers in the Southeast. The Secretary published notice of DI's proposals only four days before the hearing was held and it is clear that DI later realized substantial financial gain as a result of the Secretary's adoption of its proposals.[1]

Plaintiffs sought administrative review of the price adjustments, which was protracted for three years, culminating in a predictable holding by the Secretary's delegate that the Secretary's price rules were lawful. The certified administrative records have been filed, albeit after two years additional delay by the agency. The

---

1. Some handlers who would be affected by the proposals received only one day's notice of the hearing and complained that they had thereby been effectively deprived of any meaningful due process in that they had no opportunity to review thoroughly DI's proposals or to present other proposals or to prepare testimony for the hearing or to request preparation of relevant statistical information for the record. Of nine briefs and comments subsequently received by the Secretary, only one fully supported the proposed price adjustments, and that was the one filed by DI.

Plaintiffs and the Defendants have filed their respective motions for summary judgment and summary judgment is therefore appropriate. *Florida Fruit & Vegetable Ass'n. v. Brock,* 771 F.2d 1455, 1459 (11th Cir.1985).

Plaintiffs seek recovery of $911,184.72, plus interest, in overcharges from the contested milk price rules. Specifically at issue are (1) a transportation credit price adjustment, and (2) a surcharge of 20¢ per cwt. assessed to all handlers to finance the projected regional cost of the transportation credits. Plaintiffs claim, *inter alia,* that the contested price adjustments were unauthorized by statute, for reasons set forth in *Smyser v. Block,* 760 F.2d 514 (3d Cir.1985), and as explained by subsequent efforts of the Secretary to amend the Agricultural Marketing Agreement Act ("AMAA"), 7 U.S.C. § 601 *et seq.,* to create new authority for precisely the type of price adjustments in question.

The broad question presented to this Court is whether the contested 1984 price regulations, or obligations imposed thereunder, are in accordance with law. 7 U.S.C. § 608c(15).

Upon consideration of the parties' motions for summary judgment and memoranda in support thereof and in opposition thereto, and upon review of the administrative records certified to the Court, the Court hereby finds that the August 22, 1984, Decision of the Secretary, published at 49 Fed.Reg. 34028 (August 28, 1984), and the final rules adopting certain milk price surcharges and transportation credits, in administrative proceedings captioned Milk in the Upper Florida and Certain Other Marketing Areas, USDA Docket No. AO–356–A22, etc., are not in accordance with law. Accordingly, it is hereby

ORDERED that:

(1) The motion of Plaintiffs, Kinnett Dairies, Inc., et al., for summary judgment is granted. It follows therefore that the motion of the Defendant Secretary of Agriculture for summary judgment is denied.

(2) Plaintiffs are hereby awarded damages, to be paid from the producer-settlement fund(s), in the amount of net overpayments to producers or the producer-settlement fund for Class I milk (or underpayments from the producer-settlement fund), based on the difference in handler obligations between the invalidated prices and the prices which preexisted the Secretary's amendments, for milk received during the months September 1984 through February 1985, as follows:

| | |
|---|---|
| Kinnett Dairies (GA) | $ 51,986.55 |
| Baker & Sons Dairy (AL) | 35,800.04 |
| Kraft, Inc. (Louisville) | 91,445.55 |
| Kraft, Inc. (Tenn. Valley) | 33,675.89 |
| Southern Belle Dairy (Louisville) | 89,079.81 |
| Dean Milk Co. (Louisville) | 131,221.55 |
| Dairy Fresh (AL) | 116,867.33 |
| Dairy Fresh (MS) | 148,123.61 |
| Meadow Gold (AL) | 189,650.21 |
| Meadow Gold (LA) | 23,334.18 |

(3) Plaintiffs are also awarded interest on the amounts awarded above, to be paid from the producer-settlement fund(s), based on average prime lending rates which prevailed from date of petition to the Secretary for refund, in each of the relevant months of September 1986 to the date(s) payment of damages to Plaintiffs is made in full. The Secretary is directed to calculate interest due.

(4) Pending the effective date of final judgment and exhaustion of appellate review (if any), the funds awarded to Plaintiffs shall be deemed an obligation of the respective producer-settlement funds, and the Secretary is ordered to increase (as necessary) the balance in the producer-settlement fund reserve pursuant to 7 C.F.R. §§ 1007.61(a)(2) and (b)(6), 1011.61(a)(2) and (b)(6), 1046.61(a)(2) and (b)(6), 1093.61(a)(2) and (b)(6), 1094.61(c) and (e), 1096.61(c) and (e), and to maintain the reserve funds at a level which will at all times be sufficient to satisfy Plaintiffs' claims including interest.