**SANI–DAIRY, et al. Plaintiffs,**

v.

**Clayton YEUTTER, Secretary of Agriculture, et al. Defendants.**

**MILK MARKETING, INC. Plaintiffs,**

v.

**Clayton YEUTTER, Secretary of Agriculture, Defendant.**

**Civil Action No. 90–222J.**

United States District Court, W.D. Pennsylvania.

March 27, 1995.

Marvin Beshore, Harrisburg, PA, for plaintiffs.

Glen W. Wagner, Port Clinton, OH.

John J. Valkovci, Jr., Johnstown, PA, Donald A. Tracy, U.S. Dept. of Agriculture, Office of General Counsel, Washington, DC, for defendants.

### *MEMORANDUM ORDER*

D. BROOKS SMITH, District Judge.

In this Court's Findings of Fact and Conclusions of Law (Docket No. 47), I found that

---

the Secretary of Agriculture's regulations governing the marketing of fluid milk in the New York–New Jersey milk marketing area, as applied to plaintiffs, constituted a prohibited economic trade barrier to milk producers and sellers outside the New York–New Jersey milk marketing area. Accordingly, I entered judgment in favor of plaintiffs John P. Strittmatter, d/b/a Strittmatters Dairy, Delbert and Ed Thomas, Lowell Friedlin, Arthur Bloom, James L. Harris, and Milk Marketing, Inc., and I denied defendant's motion for summary Judgment.

At that time, I also ordered that in the event that the parties were unable to agree on the appropriate measure of damages due to plaintiffs, they should "apply to the Court for a determination of damages." *See* Docket No. 47, at 17. Ultimately, the parties were unable to agree on the appropriate measure of damages, with defendant taking the position that "monetary refunds or damages are inappropriate because, in balancing the equities of the situation, the plaintiffs have not suffered any net loss." *See* Docket No. 48, Exhibit A, at 1. Plaintiffs thereafter filed an Application for Entry of Order Establishing Damages and Other Appropriate Relief (Docket No. 48) and a Motion for Immediate Entry of Order Confirming Declaratory and Injunctive Relief (Docket No. 49).

As plaintiffs correctly note, numerous courts have awarded refunds to prevailing plaintiffs in "milk order cases" where payments were made pursuant to regulations subsequently found invalid. *See, e.g., Abbotts Dairies Division of Fairmont Foods, Inc. v. Butz*, 584 F.2d 12, 18–21 (3d Cir.1978); *Borden, Inc. v. Butz*, 544 F.2d 312, 319–20 (7th Cir.1976); *Fairmont Foods Co. v. Hardin*, 442 F.2d 762, 773 (D.C.Cir.1971); *Kinnett Dairies, Inc. v. Madigan*, 796 F.Supp. 515, 516 (M.D.Ga.1992); *Cumberland Farms, Inc. v. Lyng*, 1989 WL 85062 (D.N.J. July 18, 1989).

█ Nevertheless, defendant urges that "the equities in this case ... argue against ordering any refund" (*see* Docket No. 48, Exhibit A, at 2), citing authority for the proposition that the court should be guided by equitable principles in awarding refunds

of money paid pursuant to invalid regulations. *Id. See, e.g., Democratic Central Comm. v. Washington Metropolitan Area Transit Comm'n*, 485 F.2d 786, 825 (D.C.Cir. 1973) ("Restitution is essentially an equitable remedy."), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1451, 39 L.Ed.2d 493 (1974); *Blair v. Freeman*, 370 F.2d 229, 239–40 (D.C.Cir.1966) (plaintiffs' eight year delay in filing action objecting to milk marketing regulation "is not laches barring all relief, but it certainly affects the relief that may be claimed"; although regulation declared invalid and injunction entered against future enforcement, plaintiffs not entitled to refund of monies paid pursuant to invalid regulation). Defendant bases his "equitable considerations" argument in this case primarily on the facts that "the producers have been able to receive Class I prices for their milk and to receive the protection of the marketing order system and the market administrator." *See* Docket No. 48, Exhibit A, at 2.

Taken to its logical conclusion, however, defendant's argument would never permit restitution in a case involving an invalid milk pricing order—because in *every* case, the producers "receive the protection of the marketing order system and the market administrator." *Id.* Defendant's "equitable considerations" argument paints with too broad a brush and must be rejected. As the Third Circuit in *Abbotts Dairies* explained:

> Equitable restitution to [the plaintiffs] to the extent of the monies in the producer-settlement fund reserve is ... appropriate in our view. Denial of restitution on the facts presented here would virtually remove any possibility of recovery of overpayments due to invalid milk pricing orders.

*Abbotts Dairies*, 584 F.2d at 20.

The equities in this case, consistent with the authority cited by plaintiffs, support a finding that plaintiffs are entitled to recover the "compensatory payments" imposed pursuant to the Order 2 Producer–Settlement Fund, as found invalid in this Court's Findings of Fact and Conclusions of Law (Docket No. 47). The Secretary of Agriculture's regulations governing the marketing of fluid milk in the New York–New Jersey milk mar-

610

keting area, as applied to plaintiffs, constitute a prohibited economic trade barrier to milk producers and sellers outside the New York–New Jersey milk marketing area. Those "compensatory payments" placed plaintiffs at a substantial competitive disadvantage, and, unlike the situation in *Blair v. Freeman*, plaintiffs promptly challenged the imposition of the payments to the Order 2 fund.

Defendant concedes that plaintiffs paid $726,464.41 to the Order 2 Producer–Settlement Fund pursuant to the invalid regulations. *See* Docket No. 48, Exhibit A, attachment. Plaintiffs agree with that calculation.

 Finally, as plaintiffs explain in their application for damages, it is appropriate that interest be allowed on the aforementioned refunds—"Otherwise, the beneficiaries of the improper payments would retain ... the value of the money during the interim and innocent parties, such as the Plaintiff dairy farmers here, would never be made whole." *See* Docket No. 48, at 7. *See also Abbotts Dairies*, 584 F.2d at 21 n. 18 ("The district judge must also consider the issue whether interest is recoverable and, if so, its amount."); *Kinnett Dairies, Inc.*, 796 F.Supp. at 516 (interest on refunds awarded based on average prime lending rates); *Cumberland Farms, Inc.*, 1989 WL 85062, at *3 (interest on refunds awarded based on prime plus one percent).

Accordingly, upon my review of the parties' positions both in support and in opposition to an award of damages and other relief in this action, I hereby order the following:

1) The "compensatory payments" imposed on plaintiffs in relation to the Order 2 Producer–Settlement Fund, as found invalid in this Court's Findings of Fact and Conclusions of Law (Docket No. 47), ARE HEREBY DECLARED to be in violation of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. § 608c(5)(G).

2) It is further ORDERED that defendant be and hereby is henceforth permanently enjoined from enforcing the regulations of Federal Milk Order 2 as found invalid in this Court's Findings of Fact and Conclusions of Law (Docket No. 47).

3) It is further ORDERED that defendant is directed to refund $726,464.41 to plaintiff Sani–Dairy, in trust, for redistribution to the producer plaintiffs, and that said refund is to be paid from the Producer–Settlement Fund.

4) It is further ORDERED that plaintiffs are awarded interest on the aforementioned refunds, to be paid from the Producer–Settlement Fund, based on the average monthly prime lending rate which prevailed from the date payment was first made to the fund, May 1990, until the date that payment of damages to plaintiffs is made in full. The Secretary is hereby directed to calculate interest due.

This is a Final Order, and the Clerk shall mark this case closed.