91 F.3d 15
 SANI-DAIRY, a DIVISION OF PENN TRAFFIC CO., INC.; John P.
Strittmatter, d/b/a Strittmatters Dairy; Delbert
Thomas; Ed Thomas; Lowell Friedlin;
Arthur Bloom; James L. Harteis
v.
Clayton YEUTTER, Secretary of Agriculture, United States
Department of Agriculture; Commissioner of
Agriculture and Markets, State of New York.
MILK MARKETING, INC.
v.
Clayton YEUTTER, Secretary of Agriculture, United States
Department of Agriculture,
Clayton Yeutter, Secretary of Agriculture, United States
Department of Agriculture; Dan Glickman, Secretary of
Agriculture, United States Department of Agriculture and
United States of America,* Appellants.
 No. 95-3304.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit LAR 34.1(a)
March 15, 1996.
 Decided July 31, 1996.
As Amended Aug. 29, 1996.
 
 Marvin Beshore, Milspaw & Beshore, Harrisburg, PA, for Appellees Sani-Dairy, a division of Penn Traffic Co., Inc., John P. Strittmatter, dba Strittmatters Dairy, Delbert Thomas, Ed Thomas, Lowell Friedlin, Arthur Bloom, James L. Harteis.
 Glen W. Wagner, Port Clinton, OH, for Appellee Milk Marketing, Inc.
 Edward R. Cohen, United States Department of Justice, Washington, DC, for Appellants.
 Before: NYGAARD, SAROKIN and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Several Pennsylvania dairy farmers and a dairy cooperative[1] challenge the validity of the Secretary of Agriculture's regulations governing the marketing of fluid milk in the New York-New Jersey milk marketing area.[2] Plaintiffs allege that the Secretary's regulations, promulgated under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. § 601 et seq., violate 7 U.S.C. § 608c(5)(G), which states:
 
 
 2
 No marketing agreement or order applicable to milk and its products in any marketing area shall prohibit or in any manner limit, in the case of the products of milk, the marketing in that area of any milk or product thereof produced in any production area in the United States.
 
 
 3
 The district court found that the Secretary's regulations governing the marketing of fluid milk in the New York-New Jersey milk marketing area, as applied to plaintiffs, constituted a prohibited economic trade barrier to milk producers and sellers outside the New York-New Jersey milk marketing area. See Lehigh Valley Cooperative Farmers, Inc. v. United States, 370 U.S. 76, 91-98, 82 S.Ct. 1168, 1175-1180, 8 L.Ed.2d 345 (1962). The district court awarded plaintiffs restitution and interest. We will now affirm, and in so doing adopt the reasoning of the district court expressed in Sani-Dairy v. Yeutter, 935 F.Supp. 608 (W.D.Pa.1995) and Sani-Dairy v. Espy, --- F.Supp. ----, NO. CIV.A. 90-222J, CIV.A. 90-236J, (W.D.Pa. Dec.30, 1993).
 
 
 
 *
 Pursuant to Rule 12(a), F.R.A.P
 
 
 [1]
 As set forth by the district court in its December, 1994 opinion at footnote one "By Memorandum Order dated October 29, 1991, (Docket No. 22), the Secretary's motion to dismiss the complaint filed by plaintiff Sani-Dairy was granted because Sani-Dairy, a milk producer, or "handler" as that term is defined by 7 C.F.R. 1002.7 failed to exhaust its administrative remedies before seeking judicial review."
 
 
 [2]
 The marketing area is defined in 7 C.F.R. § 1002.3